IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELLIE BENZ,

Claimant,

Case No. 16-cv-109-pp

v.

CAROLYN W. COLVIN,

Respondent.

**ORDER GRANTING CLAIMANT'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

On January 28, 2016, Kellie Benz, by her attorney, David Traver, filed a complaint for review of the final decision of the commissioner of the Social Security Administration. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 2.

A district court may authorize a claimant to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the claimant submits an affidavit listing her assets, indicating that she in unable to pay the fees, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a). A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expenses but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

The claimant's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee indicates that she is not married and is not

1

employed. Dkt. No. 2 at 1. Her income statements are a bit confusing. First, on page two of the request, she states that her "total *monthly* wages" are $400. Id. at 2 (emphasis in original). Then, for source of income, she states, "W2-T $608." Id. She states that her monthly expenses include $600 in rent and $50 to $100 in household expenses. Id. Despite the inconsistencies, it appears that the claimant has, at most, $608 in monthly income, with $650 to $700 in monthly expenses.

The claimant holds a checking account with "$0.54," and has no other assets. Id. at 3-4. In the "other circumstances" portion of the request, she states, "I am trying to keep up with my electric and pay as much as I can on rent. I also have a 13 yr old daughter that I have shared custody and placement." Id. at 4.

The information contained in the claimant's request, signed under the penalty of perjury, demonstrates that she does not have enough money to pay her monthly expenses, and so does not have the funds to waive the filing fee.

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A claimant may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used

the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the claimant states that the Administrative Law Judge's decision contained "the boilerplate (template) credibility determination that is discredited in this circuit." Dkt. No. 1 at 1. She also asserts that this caused a "harmful" error because it resulted in a decision that was "not substantial" and did "not confront the evidence contrary to the agency's position." Id. at 2 (citation omitted). According to the claimant, "the ALJ never explained specifically how, or even whether," the "numerous observations about the medical record . . . affected credibility." Id. (citations omitted). Next, "the ALJ did not demonstrate that he had any understanding of" the claimant's conditions "and instead relied upon medical findings to evaluate" the effects of the "conditions that are not related to" the claimant's alleged impairments. Id. (citations omitted). The claimant also asserts that "the ALJ crafted an arbitrary and not substantially-supported set of questions to the VE." Id. (citations omitted). She then asserts that "[t]he ALJ failed to establish that the [VE's] testimony . . . was not a fabrication." Id. at 3 (citations omitted). Taken together, the claimant asserts that these failures created "reversible legal error" and resulted in a decision "not supported by substantial evidence," that "contains harmful errors of law," and resulted in an abuse of discretion by the ALJ. Id. at 3-4.

The court concludes that there may be a basis in law or fact for the claimant's appeal of the Commissioner's decision, and that

3

the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the claimant's motion to proceed *in forma pauperis*, and **WAIVES** the filing fee (Dkt. No. 2).

Dated in Milwaukee, Wisconsin this 17th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge